UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

Jeffrey Howard Brown,

    Debtor.
_____/

Case No. 09-60375
Chapter 7
Hon. Phillip J. Shefferly

JGR Associates, LLC, Stoneleigh Development
Corporation, Richard M. Lewiston, Jason P.
Lewiston, Leslie Lewiston Etterbeek and
Daniel J. Smith,

    Plaintiffs,

v.

Jeffrey Howard Brown,

    Defendant.
_____/

Adversary Proceeding No. 09-5276

## ORDER DISMISSING COUNTER COMPLAINT

On July 1, 2009, the Plaintiffs filed this adversary proceeding. On July 27, 2009, the Defendant filed an answer and a counter-complaint. On August 6, 2009, the Plaintiffs filed a motion to dismiss the counter-complaint (docket entry no. 12). The motion to dismiss the counter-complaint stated that it was brought under Fed. R. Civ. P. 12(b)(1), as incorporated by Fed. R. Bankr. P. 7012. Fed. R. Civ. P. 12(b)(1) permits a party to assert by motion a defense based on "lack of subject-matter jurisdiction." The Defendant filed a response (docket entry no. 18) to the motion and a memorandum of law in support of the response (docket entry no. 19) to the motion. On October 13, 2009, the Plaintiffs filed a reply (docket entry no. 29) to the response. On October 16, 2009, the Court held a hearing on the motion to dismiss the counter-complaint.

At the conclusion of the hearing on October 16, 2009, the Court granted the Plaintiffs' motion to dismiss the counter-complaint under Fed. R. Civ. P. 12(b)(1). The Court then instructed counsel for the Plaintiffs to prepare an order and have it approved for entry by counsel for the Defendant. After the Court made its ruling, counsel for Defendant inquired as to whether the Court's granting of the Plaintiffs' motion to dismiss was "with prejudice." A colloquy between the Court and counsel for the Defendant then took place. Unfortunately, as it turns out, that colloquy appears to have resulted in some confusion regarding the form of the order to be entered to memorialize the Court's granting of the Plaintiffs' motion to dismiss the counter-complaint under Fed. R. Civ. P. 12(b)(1).

On October 23, 2009, Plaintiffs filed a notice of presentment of proposed order (docket entry no. 39) pursuant to L.B.R. 9021-1(a)(4). On October 28, 2009, the Defendant filed an objection (docket entry no. 41) to the form of the order presented by the Plaintiffs. The Court has examined the proposed order that was attached by the Plaintiffs to their motion to dismiss the counter-complaint (docket entry no. 12), as well as the proposed order that accompanied the Plaintiffs' notice of presentment of order (docket entry no. 39), and the Defendant's proposed order that accompanied his objection (docket entry no. 41) to the Plaintiffs' notice of presentment of order.

Local Bankruptcy Rule 9021-1(a) prescribes the procedures for entry of an order or judgment. Local Bankruptcy Rule 9021-1(a)(4) permits the prevailing party to submit a proposed order with a notice that it will be submitted for entry unless written objections are filed within seven days. Local Bankruptcy Rule 9021-1(a)(4)(B) provides that if an objection to the form of a proposed order is made, the Court will schedule a hearing with notice to the parties, unless the Court determines that a hearing is unnecessary to resolve the matter. Ordinarily, this Court does not schedule hearings to resolve objections to the form of a proposed order but, instead, consistent with L.B.R. 9021-1(a)(4)(B),

determines the form of the order to be entered after considering the notice of presentment and any objections to it.

The Court has determined in this adversary proceeding to enter this order to memorialize its ruling made on October 16, 2009 in open court. In doing so, the Court notes the following. First, the Plaintiffs' motion to dismiss the counter-complaint was brought solely under Fed. R. Civ. P. 12(b)(1), as incorporated by Fed. R. Bankr. P. 7012. Second, the form of the proposed order that initially accompanied the Plaintiffs' motion to dismiss the counter-complaint simply and succinctly stated that "It is Hereby Ordered that the counter-complaint filed in this adversary proceeding is dismissed." Third, the competing orders that have now been submitted to the Court by the Plaintiffs and the Defendant do not differ as to whether the Court granted the Plaintiffs' motion to dismiss the counter-complaint, but appear to differ only with respect to the *effect* of the Court's decision to grant the Plaintiffs' motion to dismiss the counter-complaint. Regrettably, the Court contributed to this dispute by engaging in the colloquy with Defendant's counsel after the Court had concluded its ruling. Any colloquy about the *effect* of the Court's decision to grant the Plaintiffs' motion to dismiss the counter-complaint was wholly unnecessary because Fed. R. Civ. P. 41, as incorporated by Fed. R. Bankr. P. 7041, explicitly states the *effect* of an involuntary dismissal of a counter-complaint. Fed. R. Civ. P. 41(b) states in pertinent part:

> Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

The Plaintiffs' motion to dismiss the counter-complaint plainly states that it is brought under Fed. R. Civ. P. 12(b)(1). That rule permits a party to assert by motion a defense based on a "lack of subject-matter jurisdiction". Fed. R. Civ. P. 41(b) provides that a dismissal for lack of subject-matter jurisdiction does not operate as an adjudication on the merits. Fed. R. Civ. P. 41(c) provides that the *effect* of an involuntary dismissal under Fed. R. Civ. P. 41(b) also applies to the dismissal of any

-3-

counterclaim. Fed. R. Civ. P. 41(b) and (c) state the *effect* of the Court's decision to grant the Plaintiffs' motion to dismiss the Defendant's counter-complaint under Fed. R. Civ. P. 12(b)(1). The colloquy between the Court and the Defendant's counsel after the Court made its ruling on October 16, 2009 cannot and does not alter Fed. R. Civ. P. 41(b), nor was it intended in any way to do so. The Court's comments in that colloquy after the Court made its ruling should be disregarded. The Court has therefore determined to enter this order to memorialize the ruling that it made on October 16, 2009 in open court. Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiffs' motion (docket entry no. 12) to dismiss the Defendant's counter-complaint (docket entry no. 7) pursuant to Fed. R. Civ. P. 12(b)(1), as incorporated by Fed. R. Bankr. P. 7012, is granted.

**Signed on December 07, 2009**

                                                 **/s/ Phillip J. Shefferly**
                                                 **Phillip J. Shefferly**
                                                 **United States Bankruptcy Judge**