UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| In re: | Chapter 7 |
| Jeffrey Howard Brown, | Case No. 09-60375 |
|     Debtor. | Hon. Phillip J. Shefferly |
| _____/ | |
| JGR Associates, LLC, Stoneleigh Development Corporation, Richard M. Lewiston, Jason P. Lewiston, Leslie Lewiston Etterbeek, and Daniel J. Smith, | Adversary Proceeding No. 09-05276-PJS |
|     Plaintiffs, | |
| v. | |
| Jeffrey Howard Brown, | |
|     Defendant. | |
| _____/ | |

### ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

On January 3, 2011, the Court issued an opinion ("Opinion") dismissing the Plaintiffs' § 523 complaint after trial. On January 4, 2011, the Court entered the dismissal order. The Plaintiffs filed a timely motion to alter or amend the judgment. The Court ordered the Defendant to file a response to the Plaintiff's motion. The Court concludes that oral argument on the Plaintiffs' motion is unnecessary, and will not assist the Court in the disposition of this motion. After considering the arguments of both sides, the Court has determined to deny the Plaintiffs' motion for the reasons set forth below.

A. Legal Standard

Fed. R. Civ. P. 59 is incorporated by Fed. R. Bankr. P. 9023. Rule 59(e) provides for the filing of "[a] motion to alter or amend a judgment." The Sixth Circuit Court of Appeals recognizes four grounds for setting aside a judgment: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." United States v. Ford Motor Co., 532 F.3d 496, 507 (6th Cir. 2008) (internal quotation marks and citation omitted). "Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (internal quotation marks and citation omitted).

B. Summary of the Plaintiffs' arguments

The Plaintiffs allege five clear errors of law and fact. The first three relate to the Plaintiffs' claim of non-dischargeability under § 523(a)(2)(A). First, the Plaintiffs argue that the Court erroneously held that justifiable reliance is an element of actual fraud. Second, even if justifiable reliance is an element of actual fraud, the Court misapplied the standard. Third, the Court ignored critical facts in finding that the Plaintiffs failed to prove deceptive conduct with intent to defraud. Fourth, for the same reasons that the Court erred in finding a failure to prove fraudulent conduct under § 523(a)(2)(A), the Court also erred in concluding that the Plaintiffs failed to prove fraudulent conduct as to the embezzlement claim under § 523(a)(4). Finally, the Plaintiffs argue that the Court failed to consider the alternate definition of "willful" under § 523(a)(6). The Court will address these arguments in turn.

C. Discussion

1. Justifiable reliance is an element of actual fraud

In the Opinion, the Court relied on Field v. Mans, 516 U.S. 59 (1995). The fraudulent conduct in that case was the defendant's implicit representation about the state of title to real property. In beginning its discussion of the level of reliance required, the Court observed that "[n]o one, of course, doubts that some degree of reliance is required to satisfy the element of causation inherent in the phrase 'obtained by'" in § 523(a)(2)(A). Id. at 66. Thus, some level of reliance "above mere reliance in fact" is required under each of the three alternate grounds for non-dischargeability under § 523(a)(2)(A). Id. The Supreme Court expressly stated that the case before it involved actual fraud. Id. at 69 ("'actual fraud,' which concerns us here . . . ."). Id. at 69. The Supreme Court reiterated that, "[s]ince the District Court treated [the defendant]'s conduct as amounting to fraud, we will look to the concept of 'actual fraud' as it was understood in 1978 when that language was added to § 523(a)(2)(A)." Id. at 70. Recognizing that there are three grounds under § 523(a)(2)(A) (false pretenses, a false representation, and actual fraud), and it was only addressing one (actual fraud), in a footnote, the Supreme Court was careful to limit its ruling to actual fraud: "Although we do not mean to suggest that the requisite level of reliance would differ if there should be a case of false pretense or representation but not of fraud, there is no need to settle that here." Id. at 70, n.8. See also Unsecured Creditors' Committee v. Strobeck Real Estate, Inc. (In re Highland Superstores, Inc.), 154 F.3d 573, 581 n.11 (6th Cir. 1998) (noting in dictum that a "lender must investigate creditworthiness and ferret out ordinary credit information as a precondition of demonstrating the required element of reliance in seeking an exception to discharge of a debtor's obligation under 11 U.S.C. § 523(a)(2)(A) on account of the debtor's actual fraud") (internal quotation marks and citation omitted).

The Plaintiffs cite several cases in support of their contention that the Court erred in requiring proof of justifiable reliance. In one of those cases, Morganroth & Morganroth, PLLC v. Stollman (In re Stollman), 404 B.R. 244 (Bankr. E.D. Mich. 2009), there was no dispute as to the plaintiffs' reliance so there was no reason for the court in that case to rule on that issue. In another, Mellon Bank, N.A. v. Vitanovich (In re Vitanovich), 259 B.R. 873 (B.A.P. 6th Cir. 2001), reliance is simply not mentioned in the opinion. The panel in that case did not hold either that reliance was required or that it was not.

In a third case, McClellan v. Cantrell, 217 F.3d 890 (7th Cir. 2000), the court made the point that fraud comes in many forms, and although most frauds do involve misrepresentation, and thus require a showing of reliance, not all frauds do. "[R]eliance is relevant only when a fraud takes the form of a misrepresentation." 217 F.3d at 894. There may conceivably be instances where the deceit, artifice, trick or scheme does not involve a fraudulent misrepresentation, and where the victim in such case would have no reason to suspect they were being defrauded. But this is not that type of case. As stated by the Plaintiffs in their brief: "the fraud in this case was accomplished through a scheme involving *a long series of representations by [the Defendant]* that . . . were irreconcilable" with his conduct. (Docket no. 150, Br. in support at 10) (emphasis added).

The cases cited by the Plaintiffs do not change this Court's view that the ruling of the Supreme Court in Field v. Mans is clear and is controlling. Proof of actual fraud where, as here, the fraud takes the form of a misrepresentation, does require justifiable reliance for purposes of finding a debt non-dischargeable under the Bankruptcy Code. The Court did not err in its holding on this issue.

2. The Court properly applied the justifiable reliance standard

In the alternative, assuming that justifiable reliance is required, the Plaintiffs next argue that the Court never identified what red flags should have triggered the Plaintiffs' duty to inquire. However, according to Field v. Mans, justifiable reliance involves many considerations. Here, the Plaintiffs focus on only one – a person "is required to make an investigation of his own" when he "has discovered something which should serve as a warning that he is being deceived . . . ." 516 U.S. at 71 (internal quotation marks and citation omitted). But a person is also required to make an investigation "where, under the circumstances, the facts should be apparent to one of his knowledge and intelligence from a cursory glance . . . ." Id. The "qualities and characteristics of the particular plaintiff" are also relevant. Id. A plaintiff is "required to use his senses, and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation." Id. Consistent with Field v. Mans, the Court considered the evidence of all of these facts and circumstances in this case, not simply whether there was a particular red flag. After consideration of all of the evidence, the Court found that the Plaintiffs failed to prove justifiable reliance by a preponderance of the evidence. The Plaintiffs' motion does not persuade the Court that this finding was in error.

### 3. The Court properly considered all of the evidence in finding that the Plaintiffs failed to prove deceptive conduct with intent to defraud

Throughout their brief, the Plaintiffs misstate many of the Court's findings and conclusions. Where the Court observed a lack of evidence to demonstrate a particular alleged fact, the Plaintiffs incorrectly conclude that the Court made a finding regarding that fact, and then complain that there is no evidence to support a finding the Court never made. At bottom, the Plaintiffs simply disagree

with the inferences that the Court drew as to what the evidence did or did not prove. This is not clear error.

The Plaintiffs' brief also emphasizes certain evidence that was not emphasized by the Plaintiffs during the trial. For example, the Plaintiffs discuss at length certain memoranda provided by the Defendant concerning the status of the different real estate projects. According to the Plaintiffs, the Court overlooked the multiple false representations concerning the profits of the Four Entities (as defined in the Opinion). The Plaintiffs argue that once the factual statements in the memoranda as to the profitability of the projects are taken into account, the Court's error is manifest.

It is true that the Court did not give great weight to the statements in the referenced memoranda. Nor was the truth or falsity of those memoranda central to the Court's ultimate conclusion in finding that the Plaintiffs failed to prove deceptive conduct intended to defraud. This is because the conduct that the Plaintiffs alleged in the complaint as forming the basis for actual fraud concerned the Defendant's unauthorized use of the funds of the Four Entities, his taking of management fees in various ways from the Four Entities, and his "various accounting schemes and fraud to conceal his misappropriation of corporate funds." (Compl. ¶ 58.) This is echoed in the Plaintiffs' trial brief, which focused on how the Defendant took unauthorized management fees and distributions from the Four Entities, how he improperly accounted for the distributions, how he deceitfully recharacterized them in various ways, and implicitly represented to the Plaintiffs that he was not taking management fees or distributions. (Docket no. 105 at 9-13.) The Plaintiffs plead in the complaint that the statements in the memoranda concerning the profits being made by the Four Entities were part of the circumstances proving intent to defraud. The Court weighed the probative value of those statements in making its findings regarding intent to defraud. But the Plaintiffs did

-6-

not plead that the misleading statements *themselves* were the basis for the fraud.[1] Moreover, the statements in the memoranda that the Plaintiffs now contend the Court ignored, in substance constitute statements respecting the debtor's or an insider's financial condition. That type of statement is expressly excluded from a cause of action under § 523(a)(2)(A), which is what the Plaintiffs brought, and instead is actionable only under § 523(a)(2)(B), which the Plaintiffs did not bring.[2] In any event, the Court did consider the memoranda in its review of the evidence.

After carefully weighing all of the evidence in the record made at trial, the Court held that the Plaintiffs failed to prove that the Plaintiffs' alleged debt was obtained by the Defendant engaging in deceptive conduct with intent to defraud – in other words, that the Defendant perpetrated a fraud on the Plaintiffs. The Plaintiffs obviously believe that the evidence adduced at trial was sufficient to prove all of the required elements of actual fraud. The Court disagrees. There was no clear error in the Court's ruling under § 523(a)(2)(A).

### 4. The Court properly concluded that the Plaintiffs failed to prove embezzlement under § 523(a)(4)

---

[1] The Plaintiffs' lack of reliance on the memoranda as the basis for the alleged actual fraud was also made clear in the Plaintiffs' closing argument, where the memoranda were mentioned only in passing. In addition, whether the statements in the memoranda were in fact inaccurate was not at all clear from the evidence that the Plaintiffs adduced at trial. In closing argument, the Plaintiffs' counsel made the following statement: "He [the Defendant] sent the inaccurate memo – actually it was accurate as to the profits, but inaccurate as to how well the communities were doing, because he had bled the communities dry." (Docket no. 144 at p.140.)

[2] A ruling in the context of a Rule 59(e) motion on an argument not previously raised amounts to an advisory opinion on a matter not before the Court. Adcock v. Firestone Tire & Rubber Co., 822 F.2d 623, 627 (6th Cir. 1987) (vacating as "clearly improper" a ruling on a question "not mentioned in the complaint"). For the Court to now consider the allegedly false statements in the memoranda as the basis for non-dischargeability in this case would essentially allow the Plaintiffs to raise an entirely new cause of action in the context of a motion to alter or amend the judgment.

The Plaintiffs' argument here is again based on their reading of the sufficiency of the evidence as to intent to defraud. For the same reasons that the Court finds no clear error in its ruling under § 523(a)(2)(A), it finds no error under § 523(a)(4).

### 5. The Court properly applied the elements under § 523(a)(6)

Section 523(a)(6) requires a willful and malicious injury. The Plaintiffs are correct that the Sixth Circuit Court of Appeals recognizes two tests for willfulness, and the Plaintiffs accurately state those tests. The Plaintiffs also accurately set forth the standard to prove malice. According to the Plaintiffs, the Court erred in not considering the "substantially certain" prong of the willfulness test.

The Court does not agree that it failed to address the "substantially certain" prong. But even if it did, a plaintiff needs to prove both willfulness *and* malice in order to have a debt declared nondischargeable under § 523(a)(6). The Plaintiffs' motion does not take issue with the Court's finding that the Defendant's actions were not malicious. Therefore, there is no clear error in the Court's ruling.

### D. Conclusion

The Court has considered each of the legal and factual arguments set forth in the Plaintiffs' motion to alter or amend the judgment, even if they are not specifically mentioned in this order. The Court finds that the Plaintiffs have not established any grounds for relief under Rule 59(e).

Accordingly, it is hereby ordered that the Plaintiffs' motion to alter or amend the judgment is DENIED.

.

09-05276-pjs    Doc 157    Filed 02/28/11    Entered 02/28/11 09:06:18    Page 8 of 9

**Signed on February 28, 2011**

                                                                                                /s/ Phillip J. Shefferly
                                                                                                 **Phillip J. Shefferly**
                                                                                                 **United States Bankruptcy Judge**